## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY M. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-135-MJR** |
| | ) | |
| **MICHAEL RANDLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Larry Johnson, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Johnson seeks leave to proceed *in forma pauperis* (Doc. 2), although he has paid the $350 filing fee. The Court finds that he is indigent, and this motion is **GRANTED**. His motion for service of process at government expense (Doc. 4) is **MOOT**.

### THE COMPLAINT

Johnson is a vegetarian and, as such, he participates in the I.D.O.C.'s lacto-ovo-vegetarian ("LVO") diet. Johnson alleges that the diet actually provided to him is deficient in both calories and nutrition. With specific examples, he explains how Defendants Griswold, Hanna, Winters, Lillard and Brockhouse have systematically removed food items from this diet plan, reduced portion size, and made inappropriate substitutions. Johnson has attempted, unsuccessfully, to supplement his diet with commissary purchases. As a result of this inadequate diet, Johnson has lost over 40 pounds and suffers from a lack of muscle mass, strength and endurance. He has developed a cataract, which he

attributes to poor nutrition. Johnson also states that his immune system as suffered, leading to more

frequent and more severe illnesses than before Defendants made such drastic alterations to the LVO

diet. Johnson has filed grievances throughout the system, but no changes have been made by the

front-line food managers, Warden Gaetz, or Director Randle.

> Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996), but prison officials cannot be held liable under the Eighth Amendment unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (*citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

*Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009).

Under this clear standard, the Court is unable to dismiss any part of this action at this time.

*See* 28 U.S.C. § 1915A.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **RANDLE,**

**GRISWOLD, GAETZ, HANNA, WINTERS, LILLARD,** and **BROCKHOUSE**. The Clerk shall

forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint

to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendants **RANDLE, GRISWOLD, GAETZ, HANNA,**

**WINTERS, LILLARD,** and **BROCKHOUSE** in the manner specified by Rule 4(d)(2) of the

Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable

forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time

under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 31ˢᵗ day of August, 2010.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**