IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-135-MJR-DGW |
| | ) | |
| MICHAEL RANDLE, SUZANN GRISWOLD, | ) | |
| DONALD GAETZ, LOYD HANNAH, JIM | ) | |
| WINTERS, MIKE LILLARD, and RONALD | ) | |
| BROCKHOUSE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently pending before the Court are Motions to Appoint Counsel (Doc. 14) and for Discovery (Doc. 15) filed by Plaintiff Larry M. Johnson. For the reasons described below, these motions are **DENIED without prejudice**.

**MOTION FOR APPOINTMENT OF COUNSEL**

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff

1

appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).   The first prong of the analysis is a threshold question.   If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Santiago*, 599 F.3d at 762.

Plaintiff has met the threshold burden of showing that he has made a reasonable attempt to obtain counsel on his own.   He submits a list of 53 law firms, law schools, and attorneys he asked to represent him.   He also submits 27 letters from attorneys and law school clinics declining to represent him.

Regarding his ability to litigate the case himself, Plaintiff submitted a neatly typed complaint in which he cogently sets out the facts underlying his Eighth Amendment claims against seven employees of the Illinois Department of Corrections for failing to provide him with a nutritionally adequate diet. Attached to the complaint are documents showing Plaintiff's use of the prison's administrative remedy procedures.   These documents also show Plaintiff's significant ability to communicate his complaints in writing.   In his motion for appointment of counsel, Plaintiff indicates his highest level of education as "some college."

Based on Plaintiff's demonstrated ability to communicate effectively, and lack of complexity of

the case, which involves one legal claim against seven defendants, the Court finds appointment of counsel is not warranted at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 14) is **DENIED without prejudice**.   If Plaintiff experiences difficulty conducting discovery as the case progresses, he may file a renewed motion for appointment of counsel.

### MOTION FOR DISCOVERY

In this motion, Plaintiff asks the Court to enter a scheduling order in the action so discovery may begin.   Plaintiff argues that all Defendants have answered and the case is in a posture for discovery to begin.

Plaintiff is correct that all Defendants have answered the complaint (Doc. 13).  All of the Defendants, however, raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies before he filed suit as required under 42 U.S.C. §1997e(a).  The Seventh Circuit holds that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).   Accordingly, the Court will set a hearing pursuant to *Pavey* prior to setting a discovery schedule in the case.   Thus, Plaintiff's Motion for Discovery (Doc. 15) is **DENIED without prejudice**.   The Court will enter a schedule in the matter after the issue of exhaustion has been resolved.

**IT IS SO ORDERED.**

**DATED:   December 1, 2010**

> *s/ Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**