IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY M. JOHNSON )
)
       **Plaintiff,** )
)
vs. ) Case No. 10−cv−0135−MJR−SCW
)
MICHAEL RANDLE, SUZANN )
GRISWOLD, DONALD GAETZ, LOYD )
HANNA, JIM WINTERS, MIKE )
LILLARD, RONALD BROCKHOUSE, )
)
       **Defendants.** )

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

    Before the Court are seven different discovery-related motions filed by the parties in this civil rights action for alleged deprivations of constitutional rights pursuant to 42 U.S.C. § 1983, brought by Plaintiff Larry M. Johnson ("Mr. Johnson"), an inmate at the Menard Correctional Center ("Menard"). Because of his religious beliefs, Mr. Johnson is a vegetarian and thus, he participates in the Illinois Department of Corrections' (IDOCs') lacto-ovo-vegetarian (or "LVO") diet. Mr. Johnson alleges that the IDOCs' LVO diet does not provide him with adequate nutrition because it lacks sufficient calories and it is deficient in "fruits, vegetables, whole grains, dairy and complete protein for proper health." (Doc. 1, p. 7). Further, Mr. Johnson alleges that the LVO diet served at Menard is even more deficient—both in calories and nutrition—because of items routinely being deleted (such as milk), "nutritionally inappropriate substitutions," and reduced-sized portions (*Id.* at 8). Finally, as a vegetarian, Mr. Johnson allegedly is required by Menard policy to wait until the standard diet feeding line is finished before he is served. Because of this policy and its effect, he is permitted only "three or four minutes, sometimes less, to eat" (*Id.* at 10).

As a result of this allegedly inadequate diet, Mr. Johnson claims that he has lost over 40 pounds; lost muscle mass, strength and endurance; suffers hunger pains, fatigue, and a lack of energy; he has a compromised immune system, and risks "future health injury" (*Id.* at 12). Additionally, Mr. Johnson "suffers constantly with upset stomach, and indigestion from being forced to 'speed eat' and not properly chew food" (*Id.*). The Court will now take up each of the fully briefed discovery-related motions.

**Defendants Lillard and Brockhouse's Motion to Withdraw Admissions (Doc. 48)**

In this motion, Defendants note that due to an oversight by counsel, their responses to Mr. Johnson's Requests for Admissions (Docs. 41, 42) were not timely filed. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 36(a)(3), the failure to timely respond is deemed an admission. *See also Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605 (7th Cir. 2008). However, Rule 36(b) allows courts to permit the admitting party to withdraw admissions "*if* it would promote the presentation of the merits of the action and *if* the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." (emphasis added). One of the purposes of Rule 36(b) is to temper the harshness of depriving a party of the opportunity to contest the merits of a case. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Mr. Johnson never responded to Defendants Lillard and Brockhouse's Motion to Withdraw Admissions.

Here, the Court agrees with Defendants that permitting them to withdraw their unintended admissions would serve the presentation of this action on the merits, and it would not prejudice Mr. Johnson, who has filed no objection to their motion. Mr. Johnson has already received similar admissions from other Defendants and there is ample time for additional requests, if necessary, prior to the September 19, 2011 Discovery deadline. Accordingly, Defendants Lillard and Brockhouse's Motion to Withdraw Admissions (Doc. 48) is hereby **GRANTED.** Technically, Defendants Lillard and Brockhouse should not have filed their Admissions without first receiving permission from this

Court. Nevertheless, the Court now deems their Admissions to have been properly filed on March 18, 2011 (Docs 49, 50).

### **Plaintiff's Motions for Order that Defendants Griswold, Gaetz, Hanna and Winters Amend Responses or in the Alternative that Plaintiff's First Set of Requests for Admissions be Deemed Admitted (Docs 51, 52, and 58, respectively).**

In these motions, Mr. Johnson moves the Court, pursuant to FED. R. CIV. P. 36(a)(6), to determine the sufficiency of Defendants' responses and objections. Mr. Johnson argues that these Defendants failed to comply with Rule 36(a)(4), which requires the answering party—when asserting that it lacks knowledge or information to admit or deny the requested admission—to state that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Indeed, an inability to admit or deny a requested admission "must be supported by specific reasons." *Cada v. Costa Line, Inc.,* 95 F.R.D. 346, 348 (N.D. Ill. 1982).

Many of Defendants' responses consist of an assertion that Defendants lack sufficient knowledge to admit or deny the Request. However, in most instances, Defendants failed to explain what specific, if any, reasonable inquiry was made into the matter, and why the information it knows or can readily obtain is insufficient to properly answer Mr. Johnson's Requests. *See Sommerfield v. City of Chicago*, 251 F.R.D. 353, 356 (N.D. Ill. 2008) ("The proper response is to deny the matter or set forth the reasons why the party cannot admit or deny."). The Court is most concerned with the responses of insufficient knowledge by Defendant Griswold, a dietician and Dietary Director for the IDOC, and Defendant Hanna, a dietician and Dietary manager at Menard (*see, e.g.*, Doc. 60, ¶¶ 5, 6). Ostensibly, as the individuals responsible for creating and/or overseeing the LVO diet, it would seem that many, if not all, of Mr. Johnson's Requests would be within their professional knowledge or be readily obtainable via a "reasonable inquiry." If this is not accurate, then these Defendants still must outline what specific "reasonable inquiry" they made into these matters.

Accordingly, pursuant to FED. R. CIV. P. 36(a)(6), Defendants are hereby **DIRECTED** to supplement their responses and file amended answers to Mr. Johnson's Requests for Admissions, as follows: (1) Defendant Griswold SHALL amend her answers to Requests Number 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34 and 35 (*see* Doc. 51); (2) Defendant Gaetz SHALL amend his answer to Requests Number 6[1] and 39, and for Requests 22-38—which are identical to Requests propounded on all Defendants—he may adopt the responses of Defendant Griswold, or any other Defendant, except for an assertion of lack of knowledge or information because this requires him to conduct his own specific "reasonable inquiry" into the matter (*see* Doc. 52); (3) Defendants Hanna and Winters Shall amend their answers to Requests Number, 19-25 and 27-35, and—with the exception of an assertion of lack of knowledge as noted above—they may adopt the responses of Defendant Griswold, or any other Defendant who responds to these identical, duplicative requests. Finally, while Mr. Johnson objects to Defendants Hanna and Winters' answers to Requests 36-54 as "plainly untrue and dishonest" this is not a proper objection. Instead, the parties simply appear to dispute these factual assertions—a matter to be resolved by a jury at a later time.

The Court finds Defendants' objections regarding the form of Mr. Johnson's Requests—many of which contain multiple sub-requests requests—to be valid. FED. R. CIV. P. 36(a)(2) requires that "[e]ach matter must be separately stated." As such, "requests for admission must be simple, direct and concise so they may be admitted or denied with little or no explanation or qualification." *Sommerfield*, 251 F.R.D. at 355. Many of Mr. Johnson's requests do not follow these guidelines because they include two or three separate statements. According to Mr. Johnson, he was simply stating his requests in the alternative, and the subject matter is generally the same. The problem,

---

[1] Even though this request contains two parts, Defendant SHALL answer and should do so in accordance with FED. R. CIV. P. 36(a)(4).

from the Court's perspective, is that many of these alternative statements interject confusion into what is actually being admitted or denied. Further, answering these alternative statements might force Defendants to sift through two completely separate bodies of research when making their "reasonable inquiry." Therefore, the court hereby **SUSTAINS** ALL of Defendants' Objections based on Mr. Johnson making multiple requests, with the one exception noted in footnote one above.[2]

When amending their answers, Defendants should take care to comply with the terms of this Order and Rule 36. Specifically, the Court notes that a request for admission is not objectionable because it involves an opinion or contention that relates to fact or the application of law to fact. *See* FED. R. CIV. P. 36(a)(1)(A). Further, in accordance with FED. R. CIV. P. 36(a)(4), if Defendants assert a lack of knowledge or information as a reason for failing to admit or deny a Request, then they must state what reasonable inquiry was, in fact, made into the matter, and why the information they know *or can readily obtain* is insufficient to answer (emphasis added). As always, the parties are obligated under Rule 26(e) to supplement any responses that are in some material respect incomplete or incorrect, if corrective information has not already been provided. Defendants SHALL file their amended answers **on or before Friday, June 10, 2011.** Failure to comply with this Order may result in certain matters being deemed admitted. FED. R. CIV. P. 36(a)(6).

**Defendant's Motion to Serve Answers to Discovery *Instanter* (Doc. 59)**

The Court finds this request to be reasonable, necessary (because of Defendants' "administrative error"), and made in good faith. Therefore, the motion is hereby **GRANTED** and Defendants' Answers to Discovery are deemed to have been timely served.

---

[2] Even though Defendant Griswold did not explicitly make this objection, the Requests are identical and thus, suffer from the same shortcoming. As such, Defendant Griswold does not have to answer Requests Number 4 through 17.

**Plaintiff's Request for Hearing and Petition for Writ of Habeas Corpus Ad Testificandum (Docs. 63, 64)**

In light of the Court's rulings on the above motions, there is no need for a hearing at this time. As such, Plaintiff's request for Hearing, is **DENIED** and his Petition to appear at the requested hearing is found to be **MOOT.**

**Plaintiff's Motion for Order to Compel Production of Documents (Doc. 65)**

On May 6, 2011, Mr. Johnson filed a Motion for Order to Compel Production of Documents (Doc. 65). This motion is not yet ripe for review by the Court because Defendants' have yet to file their response. However, the Court encourages the parties to work to resolve their discovery disputes informally, even after such a motion has been filed.

**Plaintiff's Motion to Submit Exhibits RE Motion for Order (Doc. 67)**

In this Motion, Plaintiff asserts that he has obtained documents that "support and show that Defendants Hanna and Winters gave false responses to a number of his Requests (Doc. 67, ¶¶ 4, 6). Contrary to his assertion, as the Court already noted above, at most, these exhibits create a disputed factual issue. In light of the Court's rulings in this Order, Plaintiff's Motion to Submit Exhibits is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 13, 2011

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge