IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-0135-MJR-SCW |
| | ) |
| MICHAEL RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

REAGAN, District Judge:

A. Introduction and Procedural History

Larry M. Johnson, an inmate at the Menard Correctional Center, filed this civil rights action in February 2010 pursuant to 42 U.S.C. § 1983. Johnson claimed that Defendants (correctional officials and food service managers) have violated rights secured to Johnson by the Eighth Amendment to the United States Constitution, violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), and violated an Illinois law which requires the Illinois Department of Corrections (IDOC) to provide committed persons with a "wholesome and nutritional diet" (Complaint, Doc. 1, p. 7, *citing* 730 ILCS 5/3-7-2(d)). More specifically, Johnson alleges that the lacto-ovo-vegetarian (LVO) diet provided to him by the IDOC is deficient (i.e., fails to provide him with adequate nutrition), both as planned on paper and as actually administered at Menard Correctional Center.

In August 2010, the undersigned District Judge entered an Order on threshold review of the case under 28 U.S.C. § 1915A which, *inter alia*, referred the case to United States Magistrate Judge Donald Wilkerson for pretrial proceedings in accord with Local Rule 72.1(a)(2).

In January 2011, by Order of the Chief Judge of this District (Doc. 23), the Honorable Stephen C. Williams replaced Judge Wilkerson as the Magistrate Judge assigned to this case. Judge Williams began to actively conduct hearings and rule on motions.

On June 15, 2011, Judge Williams held a hearing on a pending Motion for Order to Compel Production of Documents filed by Plaintiff Johnson (Doc. 65) and a Motion for Extension of Time to File Response filed by Defendants (Doc. 82). Johnson actively participated in the hearing via videoconference from Menard to this federal courthouse. After hearing argument from the parties, Judge Williams orally ruled on the motions, partially granting and partially denying Plaintiff Johnson's motion for production of documents. Judge Williams issued an Order summarizing his oral rulings on June 21, 2011 (Doc. 84). Plaintiff Johnson promptly filed objections to Judge Williams' June 15th rulings (Doc. 89). The Court construed the objections as an appeal from the Magistrate Judge Williams' rulings to the undersigned District Judge under Local Rule 73.1(a) of the Southern District of Illinois. The Court now resolves that appeal.

B. Analysis

As to rulings on non-dispositive motions, Local Rule 73.1(a), echoing Federal Rule of Civil Procedure 72(a), provides that any party may "appeal a Magistrate Judge's order determining a motion or matter within 14 days after issuance of the Magistrate Judge's order." The assigned District Judge "shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." **See also Schur v. L.A. Weight Loss Centers, Inc.**, 577 F.3d 752, 760 (7th Cir. 2009).

In a slightly different context, the Seventh Circuit Court of Appeals has explained what it takes to meet the "clearly erroneous" benchmark. "Clear error is an extremely deferential standard of review" and will be found to exist only if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." **Pinkston v. Madry, 440 F.3d 879, 888 (7th Cir. 2006). See also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).** In other words, the district judge may not reverse the magistrate judge's decision simply because the district judge would have reached a different conclusion on the motion. **Pinkston, 440 F.3d at 888, citing Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985).** Bearing this standard in mind, the Court addresses Johnson's specific objections to Judge Williams' rulings. Johnson interposes five objections.

<u>First</u>, Johnson challenges Judge Williams' denial of Johnson's request for copies of the Menard Correctional Center food budget for certain fiscal years. Judge Williams denied this request as irrelevant to the constitutional issues stated in Johnson's complaint (see Doc. 84, p. 2). This conclusion is neither clearly erroneous nor contrary to law. Indeed, this conclusion if equally valid as to Johnson's constitutional claims and his claims based on RLUIPA and Illinois law.

As noted above, Johnson has alleged that his LVO diet does not provide him with adequate nutrition. Johnson argues that Menard's food budget directly correlates with the nutritional value of the meals served. Johnson maintains that the less money to buy food with, the smaller the portion size, and therefore the less nutrition provided. The undersigned District Judge rejects Johnson's reasoning as premised on a number of flawed assumptions. It is not necessarily true that the more money spent on food, the better quality of the nutrition

provided in the meals.  The total dollars spent on food could decrease while the nutritional value of meals increased if, for instance, the inmate population decreased at a greater rate than the cost of food rose.  This issue need detain the undersigned Judge no longer, as Johnson has failed to show how Judge Williams' ruling on the request for the budget data was clearly erroneous or contrary to law.

Second, Johnson appeals Magistrate Judge Williams' denial of Johnson's request for the American Correctional Association (ACA) standards relating to Food Service and Diet.  Johnson does not request all ACA standards, just those related to Food Service and Diet.  Defendants objected on several grounds, including that they are not bound by the ACA standards, the request was burdensome, and much of the information contained therein was irrelevant.  Concluding that "while not all of the ACA standards would be relevant to Mr. Johnson's claims," some could be relevant, Judge Williams ordered Defendants to produce the standards "specifically listed and requested by Mr. Johnson or, if unavailable, Defendants shall provide an affidavit of knowledgeable record keeper outlining the efforts he or she made to obtain such documents" (Doc. 84, p. 2).  Judge Williams essentially ruled in favor of Plaintiff Johnson as to this discovery request, and Johnson has not shown how that ruling was clearly erroneous or contrary to law.  Accordingly, the Court upholds Magistrate Judge Williams' ruling as to production of the ACA standards.

Third, Johnson appeals Judge Williams' denial of Johnson's request for production of the Employee Kitchen Daily Menu Sheets.  Judge Williams found this request to be irrelevant to Plaintiff's claims.  Johnson has pointed out (and the undersigned Judge can discern) nothing clearly erroneous or contrary to law in this ruling.  Just as with Johnson's

argument about the Menard budget, his argument that the Employee Kitchen Daily Menu Sheets directly correlate to the nutrition he receives is flawed. The undersigned Judge affirms Magistrate Judge Williams' denial of Plaintiff's request for production of the Employee Kitchen Daily Menu Sheets.

<u>Fourth</u>, Johnson challenges Magistrate Judge Williams' denial of Johnson's request for production of "Order for Delivery" and "Request for Payment" forms for the Food Service Department for certain years. Judge Williams ruled that this request likely would be duplicative and unnecessary based on the forthcoming document production, but he retained the option to "*revisit this specific request at a later date if necessary*" (Doc. 84, p. 3, emphasis added). Plaintiff shortly will be receiving the information he requested, albeit perhaps in a different form than he requested. Magistrate Judge Williams' ruling was neither clearly erroneous nor contrary to law.

<u>Fifth</u> and finally, Johnson appeals Magistrate Judge Williams' denial of a request that Defendants provide copies of the Menard Food Service menus for certain fiscal years. At the hearing before Judge Williams, Defendants explained that certain of the documents were not stored electronically (and likely no longer existed in paper form). Judge Williams orally ruled that Defendants would not have to provide copies of the menus that were not saved/stored electronically. The record is not entirely clear on this point. The best the Court can discern from the record before it, Plaintiff Johnson believes old paper menus may exist, and Johnson faults Judge Williams for failing to require Defendants to "search through hard copy records" to find out whether the menus are retrievable, as they "will show the steady reduction of the diet and nutrition provided [to] plaintiff and all inmates" (Doc. 89, p. 3). The undersigned Judge

argument about the Menard budget, his argument that the Employee Kitchen Daily Menu Sheets directly correlate to the nutrition he receives is flawed. The undersigned Judge affirms Magistrate Judge Williams' denial of Plaintiff's request for production of the Employee Kitchen Daily Menu Sheets.

<u>Fourth</u>, Johnson challenges Magistrate Judge Williams' denial of Johnson's request for production of "Order for Delivery" and "Request for Payment" forms for the Food Service Department for certain years. Judge Williams ruled that this request likely would be duplicative and unnecessary based on the forthcoming document production, but he retained the option to "*revisit this specific request at a later date if necessary*" (Doc. 84, p. 3, emphasis added). Plaintiff shortly will be receiving the information he requested, albeit perhaps in a different form than he requested. Magistrate Judge Williams' ruling was neither clearly erroneous nor contrary to law.

<u>Fifth</u> and finally, Johnson appeals Magistrate Judge Williams' denial of a request that Defendants provide copies of the Menard Food Service menus for certain fiscal years. At the hearing before Judge Williams, Defendants explained that certain of the documents were not stored electronically (and likely no longer existed in paper form). Judge Williams orally ruled that Defendants would not have to provide copies of the menus that were not saved/stored electronically. The record is not entirely clear on this point. The best the Court can discern from the record before it, Plaintiff Johnson believes old paper menus may exist, and Johnson faults Judge Williams for failing to require Defendants to "search through hard copy records" to find out whether the menus are retrievable, as they "will show the steady reduction of the diet and nutrition provided [to] plaintiff and all inmates" (Doc. 89, p. 3). The undersigned Judge

argument about the Menard budget, his argument that the Employee Kitchen Daily Menu Sheets directly correlate to the nutrition he receives is flawed. The undersigned Judge affirms Magistrate Judge Williams' denial of Plaintiff's request for production of the Employee Kitchen Daily Menu Sheets.

<u>Fourth</u>, Johnson challenges Magistrate Judge Williams' denial of Johnson's request for production of "Order for Delivery" and "Request for Payment" forms for the Food Service Department for certain years. Judge Williams ruled that this request likely would be duplicative and unnecessary based on the forthcoming document production, but he retained the option to "*revisit this specific request at a later date if necessary*" (Doc. 84, p. 3, emphasis added). Plaintiff shortly will be receiving the information he requested, albeit perhaps in a different form than he requested. Magistrate Judge Williams' ruling was neither clearly erroneous nor contrary to law.

<u>Fifth</u> and finally, Johnson appeals Magistrate Judge Williams' denial of a request that Defendants provide copies of the Menard Food Service menus for certain fiscal years. At the hearing before Judge Williams, Defendants explained that certain of the documents were not stored electronically (and likely no longer existed in paper form). Judge Williams orally ruled that Defendants would not have to provide copies of the menus that were not saved/stored electronically. The record is not entirely clear on this point. The best the Court can discern from the record before it, Plaintiff Johnson believes old paper menus may exist, and Johnson faults Judge Williams for failing to require Defendants to "search through hard copy records" to find out whether the menus are retrievable, as they "will show the steady reduction of the diet and nutrition provided [to] plaintiff and all inmates" (Doc. 89, p. 3). The undersigned Judge

does not conduct de novo review of the discovery dispute, and Johnson has not established that Judge Williams' denial of this request was clearly erroneous or contrary to law.

C. Conclusion

Accordingly, the undersigned District Judge rejects Plaintiff's appeal in its entirety (Doc. 89) and AFFIRMS Magistrate Judge Williams on each of the challenged discovery rulings.

IT IS SO ORDERED

DATED July 20, 2011.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge