IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10−cv−0135−MJR−SCW |
| | ) |
| MICHAEL RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff Larry Johnson, an inmate at Illinois' Menard Correctional Center ("Menard"), filed this civil rights action alleging deprivations of his Constitutional rights. Specifically, Mr. Johnson alleges that the Illinois Department of Corrections' planned lacto-ovo-vegetarian ("LVO") diet does not provide him adequate nutrition, and that Menard's administered LVO diet is even more nutritionally (and Constitutionally) deficient.

Mr. Johnson's suit was filed in February 2010. Now before the Court are four motions: Plaintiff's Motion for Order to Compel Production of discovery materials (Doc. 125), Plaintiff's Motion for Sanctions (Doc. 125), Plaintiff's Second Motion for Extension of Time to File any Possible Dispositive Motions (Doc. 129), and Defendants' Motion to Strike Plaintiff's Response (Doc. 140).[1] For the reasons explained below, the court rules as follows.

---

[1] Also pending are Plaintiff's Motion to Amend his Complaint (Doc. 126), Defendants' Motion for Summary Judgment (Doc. 131), and Plaintiff's Motion for Appointment of Counsel (Doc. 135). Those motions will be ruled upon at a later date.

### A. Plaintiff's November Motion to Compel

In late September, a discovery dispute hearing was held regarding Plaintiff's earlier motion to compel discovery. The Court, in an order dated September 28, 2011, granted Plaintiff's earlier motion in part, and directed Defendants to provide Johnson various documents. In November 2011, Plaintiff again moved to compel production—this time, he moves that the Court compel production of a litany of specific discovery responses he claims were incomplete, misleading, or both.

Plaintiff first asserts that the lack of signed attestations by Defendants Griswold, Hanna, Winters and Lillard on various sets of interrogatories is in flagrant disregard of the Federal Rules and this Court's order. Defendants' response brief indicates that the defendants reviewed their answers to supplemental interrogatories but were not in the same location as their counsel and, therefore, could not make a signed attestation. Defendants further assert they will forward those attestations to Plaintiff when they are available. Plaintiff's motion to compel, as it relates to the attestations, will be **DENIED**. It is expected that Defendants will provide those attestations as soon as practicable.

Plaintiff next complains that Defendant Randle's attestations as to the truth of his interrogatories are not notarized. As Defendants correctly point out, Federal Rule of Civil Procedure requires a signature from a person who makes the answers, but not a notarized signature. Insofar as Johnson's motion pertains to Defendant Randle's attestations, his motion will be **DENIED**.

Next, Plaintiff claims that Defendants supplemental answers to interrogatories, and some responsive discovery documents were delivered to him a full week after the date this Court ordered those documents delivered. Defendants respond by exhibiting UPS receipt showing that a 22-pound box was mailed to Plaintiff Johnson's Menard address on October 11, 2011. Insofar as his motion to compel pertains to those documents, it is **DENIED** as **MOOT**.

Plaintiff further claims that some of those supplemental answers were false. Specifically, Plaintiff claims Defendants are lying when they assert there are no typewritten LVO menus for the timeframe at issue in this case. To support his assertion, Plaintiff attaches a typewritten LVO menu. But that menu is from 2011, a time period that is not the subject of Plaintiff's discovery requests or of the instant case. Defendants' answer—that the requested documents do not exist—is sufficient if it is true.

Similarly, Plaintiff also asserts that Defendant Griswold's answer—that there are no responsive documents concerning textured vegetable protein's health effects—is false. Johnson claims that Griswold's answer is not credible because Griswold and other IDOC defendants have been involved in several recent soy-related cases. But Plaintiff Johnson has not asserted that he has personal knowledge of the discovery completed in those cases, and offers nothing substantial to indicate that Defendant Griswold is lying. At most, Plaintiff shows that he disagrees with (or is disappointed by) some of Defendants' discovery responses. But Defendants' responses are sufficient.

Therefore, Plaintiff's Motion to Compel Production of various discovery-related documents will be **DENIED**.

### B. Plaintiff's Motion for Sanctions

In his motion to compel discovery, the plaintiff moved for sanctions against the Defendants "for their disregard of the Federal Rules of Civil Procedure, for ignoring Court ordered deadlines to produce documents and answer interrogatories, and for making false and misleading representations to the Court" (Doc. 125, 6). While deadlines may have been missed, none of Defendants' actions in this case appear to have been done in bad faith. Further, Plaintiff has had adequate opportunity to examine all discovery material Defendants disclosed to him. Sanctions are therefore inappropriate, and Mr. Johnson's Motion for Sanctions (Doc. 125) will be **DENIED**.

### C. Plaintiff's Motion for Extension of Time

In November 2011, claiming that he had not "been able to complete a possible dispositive motion" and that he "honestly believe[d] that summary judgment in his favor" was warranted, Mr. Johnson moved for an extension of time to file any "possible dispositive motions." Plaintiff had adequate time to craft his any dispositive motions, and was not asking for more time because he had a motion in hand, nearly ready to file. Admitting motion was a "possibility" indicates Plaintiff had failed to start such a motion, not that he was having trouble completing it. Further, an additional extension is inappropriate here, where Plaintiff has merely asserted a speculative possibility of crafting such a motion. Plaintiff's Motion for Extension of Time to File any Possible Dispositive Motions (Doc. 129) will therefore be **DENIED**.

### D. Defendants' Motion to Strike Plaintiff's Response Motion

Defendants moved for summary judgment on November 18, 2011. On December 12, Mr. Johnson filed a 73-page response brief, along with over 1,500 pages of exhibits. Defendants moved to strike that voluminous response brief on December 22, citing Local Rule 7.1(d) for the proposition that "[n]o brief shall be submitted which is longer than 20 double-spaced typewritten pages." **SDIL-LR 7.1(d).**

Defendants are correct: Plaintiff's response motion fails to comport with local procedural rules. But this is a more complicated case than is typical, and Plaintiff is acting *pro se*. So in the interest of judicial economy, the Motion to Strike Mr. Johnson's Response Motion (Doc. 140) will be **DENIED**. Defendants will be granted extra time (20 days) and extra pages (20 pages) to make a counterargument in a reply brief.

DISPOSITION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel Discovery (Doc. 125), **DENIES** Plaintiff's Motion for Sanctions (Doc. 125), and **DENIES** Plaintiff's Motion for Extension of Time to File any Possible Dispositive Motions (Doc. 129).

Defendants' Motion to Strike (Doc. 140) is also **DENIED**, but Defendants' will be given extra time and pages to file a brief replying to Plaintiff's response brief (Doc. 136). Defendants shall file their reply brief, not to exceed 20 pages, on or before January 18, 2011.

IT IS SO ORDERED.
Dated: December 28, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge