IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| LARRY M. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10−cv−0135−SCW |
| | ) | |
| MICHAEL RANDLE, SUZANN BAILEY, | ) | |
| S.A. GODINEZ, and RICK | ) | |
| HARRINGTON | ) | |
| Defendants. | | |

## ORDER

**WILLIAMS, Magistrate Judge:**

This matter is before the Court on a Motion for New Trial filed by Plaintiff Larry Johnson. (Doc. 231), as well as several related Motions. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff brought this § 1983 suit alleging cruel and usual punishment because impermissible substitutions, reduced portion sizes, and textured vegetable protein (TVP) in his lacto-ovo-vegetarian diet have caused him to lose weight, loss muscle mass, and suffer other symptoms related to his heath and fitness. (Doc. 5). The Court held a jury trial on Plaintiff's claims on March 18-20, 2013. At the close of trial, the jury found in favor of Suzann Bailey and against Plaintiff. (Doc. 217). Defendant Lloyd Hanna was granted judgment as a matter of law on March 19, 2013. (Doc. 214). After a bench trial, the Court found in favor of Defendants S.A. Godinez, Rick Harrington, Suzann Bailey, and Lloyd Hanna in their official capacities as to Plaintiff's claims for injunctive relief. (Doc. 223). Plaintiff filed a Motion for a New Trial on April 18, 2013. (Doc. 227). However, he then also timely filed a Supplemental Motion for New Trial on April 26, 2013. (Doc.

31). Therefore, the Court finds Plaintiff's Motion for a New Trial (Doc. 227) **MOOT** and takes up the Supplemental Motion for a New Trial (Doc. 231) at this time.

Plaintiff's Motion raises multiple grounds for a new trial. Broadly construed they are: 1) Lloyd Hanna was erroneously granted judgment of a matter of law; 2) the court erred in dismissing the damages claims against Bailey and Hanna that pre-dated their admissions; 3) his appointed counsel was ineffective when he permitted Plaintiff to appear in court unwashed and unshaven; 4) appointed counsel was ineffective for failing to introduce the 2005 U.S.D.A. dietary guidelines into evidence; 5) appointed counsel was ineffective for failing to introduce the Menard Correctional Center Food Service Operation Manual into evidence; 6) appointed counsel was ineffective for failing to introduce the Menard Dietary Department Vegan/Lacto-ovo-vegetarian dietary records or question Hanna about them, specifically about how the records reflect that cheese was only served twice out of twenty six times and that Hanna would occasionally delete items, including peanut butter from the menu without substitution, and how Menard served powdered milk instead of skim milk; 7) Plaintiff's appointed counsel was ineffective for failing to introduce his medical records into evidence; 8) Plaintiff's appointed counsel was ineffective for failing to introduce his commissary receipts into evidence; 9) Plaintiff's counsel was ineffective for failure to question Bailey about <u>Dr. Koops: Self Care Advisor</u>, a book that emphasizes the importance of dietary nutrition to preventing health conditions, specifically cataracts; 10) appointed counsel was ineffective for failing to introduce <u>Bowes & Church's Food Values of Portions Commonly Used</u> into evidence as an authoritative text; and 11) the Court erred in denying Plaintiff's claims for injunctive relief.

Additionally, Plaintiff also filed a Motion to Supplement his Motion for New Trial on May 30, 2013. (Doc. 245). That Motion is **GRANTED**, although for reasons discussed below, it has little relevance here.

ANALYSIS

2

As an initial matter, although Plaintiff titled his Motion as one for a New Trial, he also asks the Court to reconsider several judgments entered by the Court itself. Therefore, the Court will also construe Plaintiff's Motion as one under Federal Rule of Civil Procedure 59(e), Motion to Alter or Amend Judgment

A Motion to Alter or Amend judgment may not advance theories or arguments that could have been made before the district court entered judgment against a party. **Anderson v. Flexel, Inc.,** 47 F.3d 243, 247-48 (7th Cir. 1995). It also cannot seek to introduce evidence that was available at the time judgment was entered. **King v. Cooke,** 26 F.3d 720, 726 (7th Cir. 1994). Rather, a Motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." **FDIC v. Meyer,** 781 F.2d 1260, 1268 (7th Cir. 1986). Essentially, the purpose of Rule 59(e) is to give the district court the opportunity to correct its own errors prior to burdening the appellate court. **Russell v. Delco Remy Div. of General Motors Corp.,** 51 F.3d 746, 749 (7th Cir. 1995). The district court has complete discretion when deciding a Rule 59(e) motion. **Souter v. Int'l Union, United Auto., Aerospace & Agric. Implement Works Of Am., Local 72,** 993 F.2d 595, 599 (7th Cir. 1993).

1. **Plaintiff's Claim that Judgment as a Matter of Law was improperly granted to Defendant Hanna**

A Court may grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." **Fed. R. Civ. P. 50(a)**. The legal standard for granting judgment as a matter of law is comparable to the summary judgment standard. **Reeves v. Sanderson Plumbing Prods. Inc.,** 530 U.S. 133 (2000). The Court must therefore construe the evidence in the light most favorable to the non-moving party, and refrain from invading the province of the jury by making credibility determinations or weighing the evidence. **Reeves v.**

*Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (1986); *Massey v. Blue Cross-Blue Shield of Ill.,* 226 F.3d 922, 924 (7th Cir. 2000).

Plaintiff brought a claim against Hanna based on a theory of deliberate indifference. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendent." *Farmer v. Brannan,* 511 U.S. 825, 828 (7th Cir. 1994). This claim has both an objective and subjective component. *Roe v. Elyea,* 631 F.3d 843, 856-58 (7th Cir. 20011). A successful plaintiff on deliberate indifferences shows that objectively, he suffered a serious deprivation, and that the defendants had a subjectively culpable state of mind at the time of the deprivation. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Like criminal recklessness, the subjective prong requires a plaintiff to demonstrate that the defendants were aware of the plaintiff's serious medical need and were deliberately indifferent to it. *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012)

Here, the Court granted Hanna Judgment in his favor on multiple grounds. The Court considered Plaintiff's Eighth Amendment claims under two categories based on 1) caloric intake and 2) the amount of TVP in the Menard diet. As to the caloric intake portion of the claim, the Court found that there was no evidence that Hanna knew that the caloric intake provided to Plaintiff was insufficient. Specifically, the Court found that Hanna relied on Bailey's expertise as a dietician and never performed an independent assessment of the calorie content of the menus. Therefore, the Court's ruling is based on a finding that Hanna did not have the sufficient subjective culpable state of mind with regards to Plaintiff's claim of insufficient caloric intake.

As to Plaintiff's claims against Hanna based on the amount of TVP in the Menard diet, the Court found that Hanna lacked the discretion to set the menus and that his role was limited to making substitutions to the best of his ability. Although there were admissions in the record related to the harmfulness of TVP in "large amounts," Hanna also testified that he relied on Bailey's

expertise as to what amount would be safe.  The Court found that this fact went to both subjective mental state, and qualified immunity.  The Court found that Hanna lacked a culpable mental state. It also found he was entitled to qualified immunity because no case law clearly establishes establishes that a prison employee who relies on the expertise of a prison dietician will be liable for serving TVP protein.

Plaintiff argues in his Motion that a reasonable jury could have believed his testimony and found that Hanna reduced portion size and eliminated items from the menu, which reduced his caloric intake below constitutional levels. (Doc. 231)  He also argues that a reasonable jury could have found that Hanna routinely substituted TVP for other proteins in the diet, even though he admitted that he knew TVP was harmful. (Doc. 231)  However, Plaintiff's arguments miss the point on a Rule 59(e) motion.  Plaintiff has not pointed out any errors of law or fact that would warrant a grant to alter or amend the judgment.  He simply wants the court to interpret the facts in the record differently.  He also fails to address the decision on qualified immunity in any capacity.  Additionally, Plaintiff's proposed "new evidence" (Doc. 245) does not address Hanna's culpable state of mind on either of his Eighth Amendment claims.  Therefore, there are simply no grounds for granting a Motion to Alter or Amend the Judgment with respect to Hanna.

2. **The Court should have interpreted Defendant's admissions to mean that they had knowledge at all relevant times and therefore permitted the jury to consider the question of damages at all relevant times as to Defendants Hanna and Bailey**

Plaintiff also argues that the Court should have construed his requests for admissions on the Defendant's knowledge of the dangers of TVP to have applied at all relevant times, as opposed to just the date of the admissions in 2012.  Plaintiff claims that the admissions themselves do not contain a reference to 2012 and should not be limited to that time frame.  Plaintiff is correct that his requests to admit were not explicitly limited to 2012—they contain no reference to time.  (Docs. 36 & 38).  Plaintiff once again fails to carry his burden on a Rule 59(e) Motion.  He has not cited to any

case law or statute showing the standard for construing Requests to Admit.  He has therefore not proven that the Court's limitation was an error of law.  He has also not submitted any new evidence or argued that the Court made errors of fact.  His new evidence (Doc. 245) is not relevant to the time period of the admissions because it only addresses what medical treatment was available at the prison.  Therefore, Plaintiff is not entitled to an alteration of the Court's judgment on the scope of the Requests for Admissions.

### 3.   Plaintiff's Request for a New Trial – Ineffective Assistance of Counsel

Under Federal Rule of Civil Procedure 59, the court has discretion to grant a new trial where the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice.  *Romero v. Cincinnati, Inc.*, **171 F.3d 1091, 1096 (7th Cir. 1999).**  A party will not be granted a new trial where the jury verdict has reasonable support in the record.  *Carter v. Chicago Police Officers*, **165 F.3d 1071, 79 (7th Cir. 1998)**.  To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him.  *King v. Harrington*, **447 F.3d 531, 534 (7th Cir. 2006)**.

Plaintiff has argued that he did not receive effective assistance of counsel through his court-appointed attorney for multiple reasons.  There is no constitutional right to effective assistance of counsel in a civil case and a retrial is not a proper remedy for defective representation in a civil case.  *Stanciel v. Gramley*, **267 F.3d 575, 581 (7th Cir. 2001)**.  Plaintiff's claim as to this point is rejected.  Additionally, Plaintiff claims that his attorney was ineffective for failing to introduce a number of documents into the record.  Many of Plaintiff's claims here are patently false.  For example, Plaintiff objected to the failure of his counsel to introduce the U.S.D.A. Dietary Guidelines for Americans 2005.  However, the transcript of the trial clearly shows that exhibit was admitted into evidence. (Doc. 239, p. 14, ll. 5-11).  Nevertheless the Court need not address all of Plaintiff's arguments on this point because ineffective assistance of counsel is not grounds for a new trial.

### 4. Request for New Trial – Injunctive Relief Claims

A court may grant a new trial in a bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." **Fed. R. Civ. P. 59(a)(1)(B)**. As with a jury trial, a court will only grant a new bench trial where "the movant presents newly discovered evidence that was not available at the time of trial, or if the movant points to evidence in the record that establishes a manifest error of law or fact." *In Re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

After the jury trial, the Court held a bench trial on the issue of injunctive relief. The Court considered three grounds for injunctive relief 1) whether Johnson was entitled to injunctive relief against Godinez, Bailey, Harrington, and Hanna on this Eighth Amendment claim of deliberate indifference due to the nutritional deficiencies and TVP in his diet; 2) whether Johnson was entitled to injunctive relief against Harrington because the short time he was granted to eat violated the First Amendment as an unjustified and substantial burden on his free practice of Buddhism; and 3) whether under RLUIPA, Johnson was entitled to injunctive relief because his diet substantially burdened his religious practice with no compelling governmental interest. (Doc. 222).

For a permanent injunction to issue, the plaintiff must show 1) success on the merits; 2) irreparable harm; 3) the benefits to the plaintiff of granting the injunction outweigh the harm to defendants; and 4) the public interest will not be harmed by the relief requested. *ADT Sec. Servs. Inc. v. Lisle-Woodridge Fire Prot. Dist.* 672 F.3d 492, 498 (7th Cir. 2012). In prisoner litigation, the power of the court to enter an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, injunctive relief "shall extend no further than necessary to correct the violation," and courts may not grant injunctive relief unless "it finds such relief is narrowly drawn, extends no further than necessary to correct the violation," and is "the least intrusive means to do so." **18 U.S.C. § 3626 (a)(1)**.

### A) Eighth Amendment Standard

In order to succeed on an Eighth Amendment Deliberate Indifference claim, an inmate must prove that he is confined under conditions that fail to meet his basic needs. ***Rice ex. rel. Rice v. Corr. Med. Servs.***, 675 F.3d 650, 664(7th Cir. 2012) (citing ***Rhodes v. Chapman***, 452 U.S. 337, 347 (1981)). The Eighth Amendment does not require the most intelligent, progressive, humane or efficacious prison administration. ***Oliver v. Deen***, 77 F.3d 156, 161 (7th Cir. 1996). Nor must prisons provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans. ***Carroll v. DeTella***, 255 F.3d 470, 472 (7th Cir. 2001). But prison officials have a duty to provide inmates adequate clothing, shelter, medical care, and food. ***Farmer***, 511 U.S. at 832.

Successfully proving an Eighth Amendment case requires a two-part showing. First, the deprivation alleged must be objectively, sufficiently serious so that an official's act or omission results in the denial of the minimal civilized measure of life's necessities. ***Townsend v. Fuchs***, 522 F.3d 765, 773 (7th Cir. 2008) (citing ***Farmer***, 511 U.S. at 834). Second, the prison official must have the subjectively culpable state of mind known as deliberate indifference — that is, whether the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so. ***Mays v. Springborn***, 575 F.3d 643, 648 (7th Cir. 2009). While injunctive relief is generally available to cure continuing constitutional violations, ***Sonnleitner v. York***, 304 F.3d 704, 717 (7th Cir. 2002), recovering damages under § 1983 requires both injury and a causal connection between that injury and the deprivation of a constitutionally protected right, ***Henderson v. Sheahan***, 196 F.3d 839, 848 (7th Cir. 1999).

### B) First Amendment Standard

The standard to succeed under a First Amendment claim is different. While prisoners retain the right to exercise their religious beliefs, that right is not unfettered. ***Ortiz v. Downey***, 561 F.3d 665, 669 (7th  Cir. 2009). A regulation or policy that infringes on an inmate's exercise of religion

must be reasonably related to a legitimate penological interest.  ***Maddox v. Love*, 655 F.3d 709, 719 (7th Cir. 2011)**.   Prison officials must accommodate an inmate's religious preferences if the accomodations are consistent with legitimate penological obejctives.  ***See Grayson v. Schuler*, 666 F.3d 450, 452 (7th Cir. 2012)**.

### C. RLUIPA Standard

RLUIPA protects prisoner's right to free exercise of religion at a heightened level: it affords injunctive relief to prisoners whose religious exercise has been substantially burdened, unless that burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest.  **42 U.S.C. § 2000cc-1(a); *Sossaman v. Texas*, 131 S.Ct. 1651, 1655-56 (2011).**

Plaintiff has not made any arguments that any of the above legal standards, as applied to this case, are erroneous.  Likewise, he has not stated that there are any errors of fact in the Court's decision.  He has, however, made an argument through his Motion to Supplement, that he has discovered new evidence to contradict the Court's findings of fact.  For example, in its finding of fact and conclusions of law, the Court found that "Inmates at Menard, as well as other IDOC facilities, can request—and be put on—a no soy therapeutic diet." (Doc. 222, p. 7).   Plaintiff has submitted his own affidavit to support the proposition that there is no soy-free diet at Menard. (Doc. 245, p. 4).  He claims he spoke to Nurse M. Moldenhaver on May 14, 2013 who told him that there was not a soy-free diet at Menard, that there was no medical test they could administer to test for soy sensitivity or allegery, that under no circumstances would the Health Care Unit order a no-soy diet, and that Plaintiff's only options were to eat around the soy or get off his religious diet. (Doc. 245, pp. 4-5).

As an initial matter, Plaintiff's affidavit is clearly hearsay and inadmissible because it seeks to use Plaintiff's sworn statement about what Nurse Moldenhaver said to testify as to the truth of the

matter asserted   *See* **Fed. R. Evid 801**.  A party seeking relief under Rule 59 must show that *admissible* evidence is available.  ***In re Bauman*, 465 B.R. 495, 507 (Bankr. N.D. Ill. 2012) (emphasis added)**.  Secondly, a party moving for a new trial under Rule 59 on the basis of newly discovered evidence must show "1) it has evidence that was discovered post-trial; 2) it had exercised due diligence to discover the new evidence; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) the evidence is such that a new trial would probably produce a new result." ***Envtl. Barrier Co., LLC v. Slurry Sys.*, 540 F.3d 598, 608 (7th Cir. 2006)**.  Even if the affidavit was not hearsay, Plaintiff has not made a showing that it would entitle him to a new trial.  He has not submitted any facts to show that this information was not available to him at the time of trial.  He has not submitted any facts to show that he attempted to discover this information with due diligence prior to trial.   Therefore, because Plaintiff has not shown that the affidavit would entitle him to a new trial, and because the affidavit itself is hearsay, Plaintiff's Motion for a New Trial as to his claims for injunctive relief are **DENIED**.

## CONCLUSION

Plaintiff's Motion for a New Trial is **DENIED as moot** because it was superseded by his Amended Motion. (Doc. 227).  His Motion to Supplement (Doc. 245) is **GRANTED**.  His Motion for Status is **DENIED**.  (Doc. 251).  Plaintiff's Amended Motion for a New Trial or to Alter or Amend the Judgment (Doc. 231) is **DENIED**.

**IT IS SO ORDERED**

**DATED: October 15, 2013**                    */s/ Stephen C. Williams*
                                              **STEPHEN C. WILLIAMS**
                                              **United States Magistrate Judge**